UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:                                              Case Number: 13-15635-7

MARJORIE ELLEN GIBSON,

Debtor.

MARK MATHIAS, TRUSTEE,

Plaintiff,

v.                                                  Adversary Number: 15-69

THOMAS KRIESCHER and
VICKY KRIESCHER,

Defendants.

## DECISION

### Statement of Procedural History

Debtor Marjorie Gibson filed a voluntary chapter 7 petition on November 20, 2013. Trustee Mark Mathias filed this adversary proceeding seeking a determination that the judgment obtained by the Defendants on October 3, 2013, and docketed in St. Croix County, Wisconsin, on November 6, 2013, is a preferential transfer subject to avoidance. The Trustee filed a motion for summary judgment.

### Statement of Facts

On October 3, 2013, the District Court for Washington County, Minnesota, awarded the Defendants a judgment of $364,540.26 against the Debtor. On November 6, 2013, the Defendants docketed that judgment in St.

Croix County, Wisconsin. This created a statutory lien on the Debtor's property

in Glenwood City, Wisconsin. The Trustee seeks to avoid that judgment lien.

Discussion

A.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157(a). This is a

core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (F). The Court may enter

final judgment. 28 U.S.C. § 157(b)(1).

B.    Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." Fed. R. Civ. P. 56(a) (applied through Fed. R. Bankr. P.

7056). The Court must view all facts and indulge all inferences in the light

most favorable to the Defendants and determine whether there is a genuine

issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242-43, 106 S. Ct.

2505, 91 L. Ed. 2d 202 (1986).

As a procedural matter, on summary judgment "the burden is on the

moving party to establish that there is no genuine issue about any material

fact, or that there is an absence of evidence to support the nonmoving party's

case, and that the moving party is entitled to judgment as a matter of law." 20

Charles Alan Wright, Arthur R. Miller & Edward Cooper, *Federal Practice and

Procedure* § 105 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct.

2548, 91 L. Ed. 2d 265 (1986)).

C.    Preferential Transfers

Section 547 says the trustee may avoid any transfer that is (1) to or for

the benefit of a creditor, (2) for or on account of an antecedent debt owed by

the debtor before the transfer was made, (3) made while the debtor was

insolvent, (4) made within 90 days before the petition was filed, and (5) enables

the creditor to receive more that he would have under chapter 7 and had the

transfer not been made. 11 U.S.C. § 547(b).

A transfer includes the creation of a lien. 11 U.S.C. § 101(54). The

Defendants admit they are creditors of the Debtor and the transfer was made

on account of an antecedent debt within 90 days of the petition being filed. The

elements of a preference disputed by the Defendants are (i) whether the

transfer was made while the Debtor was insolvent, and (ii) whether the

Defendants would receive more with the transfer than they would have under a

chapter 7 without the transfer.

1.    Insolvency

For the Trustee to avoid the transfer, the Debtor must have been

insolvent when the transfer was made. When a transfer is made within 90 days

of the filing of the petition, the debtor is presumed insolvent. 11 U.S.C. § 547(f).

Defendants may rebut this presumption by "introducing some evidence that

the debtor was not in fact insolvent at the time of the transfer." *Lawson v. Ford*

*Motor Co.* (*In re Roblin Indus., Inc.*), 78 F.3d 30, 34 (2d Cir. 1996). The

presumption shifts the burden of production onto the Defendants, but the

ultimate burden of proof to show insolvency remains with the Trustee. 5 *Collier*

*on Bankruptcy* ¶ 547.03 (16th ed.). If the Defendants do not produce evidence to rebut the presumption, the Trustee is entitled to rely on the presumption of insolvency. *Id.*

Insolvency is defined in section 101(32)(A). A debtor is insolvent when the sum of the debts is "greater than all of such entity's property, at a fair valuation, exclusive of" property the debtor transferred or concealed with the intent to hinder creditors and property that is exempt under section 522. 11 U.S.C. § 101(32)(A). A debtor is insolvent when the debtor's liabilities exceed the fair value of his or her nonexempt assets. 5 *Collier on Bankruptcy* ¶ 547.03. The Code defines debt as "liability on a claim." 11 U.S.C. § 101(12). A claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; . . . ." *Id.* at § 101(5). For the purpose of determining insolvency, the debtor's liabilities are the sum of the liability on all claims at the time of the transfer.

Liabilities include all obligations, not simply obligations to parties who chose to file a claim. To suggest that simply because a party eventually decided not to file a claim retroactively removes the liability as of the petition date is illogical. To determine insolvency, courts rely on a debtor's schedules, executed under penalty of perjury, for asset and liability values. *Official Comm. of Unsecured Creditors of Toy King Distribs, Inc.. v. Liberty Sav. Bank, FSB (In re Toy King Distribs., Inc.)*, 256 B.R. 1, 94 (Bankr. M.D. Fla. 2000). Stated differently, bankruptcy law uses balance sheet solvency to determine whether a

4

transfer is a voidable preference. *In re Taxman Clothing Co.*, 905 F.2d 166, 170 (7th Cir. 1990). Face value of the debtor's debt, not the market value, is the reasonable method to calculate liabilities. *Travellers Int'l AG v. TWA (In re TWA),* 134 F.3d 188, 196-97 (3d Cir. 1998). This is especially the case when there is no evidence that debts were omitted and they have been consistently stated.

The transfer was made on November 6, 2013 – within 90 days of the bankruptcy petition. This triggers the presumption of insolvency. The Defendants have attempted to rebut the presumption. The Defendants argue the Debtor's assets were valued at $963,080.89 on the petition date. The Trustee argues at that time the Debtor only showed assets of around $475,000.

Central to the issue of insolvency is whether the Debtor's liabilities exceed the higher of these values. If so, it is unnecessary to decide which is the proper value. The Defendants posit the liabilities are $869,584.66. This amount is based solely on filed claims and ignores any other indebtedness and thus understates the claims. The Debtor's schedules disclose liabilities of $1,378,540.68.[1] The Debtor's liability on claims was not limited to filed proofs of claim. It clearly exceeds even the Defendants' estimate of the value of the assets.

The Trustee offered evidence of the Debtor's insolvency based upon the Debtor's own schedules. The Debtor listed liabilities in excess of $1,000,000 on

---

[1] Her initial schedules listed assets of $474,872 and liabilities of $1,378,540.68. The Debtor filed amended schedules on May 5, 2014, to show assets of $475,372 and liabilities of $1,007,195.25. The Debtor filed second amended schedules on September 30, 2014, showing assets unchanged and liabilities of $1,019,345.13. Under any of these amounts, it is clear the liabilities exceed the value of the assets.

her schedules. This is presumably the face value of the Debtor's debt at the time of the transfer in this case. That value is higher than even the most generous interpretation of the value of the Debtor's assets offered by the Defendants. If the Defendants fail to rebut the presumption of insolvency, as is the case here, the Trustee does not need to present additional evidence of the Debtor's insolvency. *Sandoz v. Fred Wilson Drilling Co. (In re: Emerald Oil Co.),* 695 F.2d 833, 838 (1983).  Based on the facts, the Court concludes the Debtor was insolvent at the time of transfer.

2.    Distribution

The remaining issue is whether the transfer enables the Defendants to receive more that they would have under chapter 7 had the transfer not been made. 11 U.S.C. § 547(b)(5). This requires a comparison between what the Defendants actually received and what they would have received under a hypothetical chapter 7 distribution if the transfer had not been made.

> [I]n determining the amount that the transfer "enables [the] creditor to receive," such creditor must be charged with the value of what was transferred *plus* any additional amount that he would be entitled to receive from a Chapter 7 liquidation. The net result is that, as long as the distribution in bankruptcy is less than one-hundred percent, *any* payment "on account" to an unsecured creditor during the preference period will enable that creditor to receive more than he would have received in liquidation had the payment not been made.

*Elliott v. Frontier Props.* (*In re Lewis W. Shurtleff, Inc.*), 778 F.2d 1416, 1421 (9th Cir. 1985) (emphasis in original). *See also In re Batlan v. TransAmerica Commercial Fin. Corp. (In re Smith's Home Furnishings, Inc.),* 265 F.3d 959, 970 (9th Cir. 2001); *Reynolds v. Haskins (In re Git-N-Go, Inc.),* 2007 WL 2816215

(Bankr. N.D. Okla. 2007); *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir. 1991).

The Defendants were unsecured creditors before the transfer was made. They had a state court judgment, but it was not secured by anything until they docketed it in Wisconsin and it attached to the Debtor's real estate. Based on the value of the assets asserted by the Defendants, as a secured creditor the Defendants would be paid in full.[2] Here, however, the Defendants are unsecured creditors. The Debtor's liabilities exceed her assets, and therefore there will not be a 100% distribution. Under *Elliott*, because there would not be a 100% distribution, any payment to the Defendants, but for the transfer, would be less in a chapter 7. Therefore, any transfer would result in the Defendants receiving more than under a chapter 7 distribution without the transfer. *In re Chattanooga*, 930 F.2d at 465.

<u>Conclusion</u>

Based upon the foregoing the Court finds that all of the elements of a preferential transfer have been satisfied. For those reasons, the Trustee's motion for summary judgment is granted.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

---

[2] The secured debt, including the Defendants' claim, totals $890,316.39. The assets, according to the Defendants, are valued at $963,080.89.

7

A separate order and judgment consistent with this decision will be

entered.

Dated:  February 8, 2016.

BY THE COURT:

_____

Hon. Catherine J. Furay
U.S. Bankruptcy Judge